lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD PHILLIP ANDERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DEBBIE BRATTON, et al.,** )<br>)<br>**Defendants.** )<br>) | Case No. 07-3017-JAR |

## MEMORANDUM AND ORDER

Plaintiff Richard Anderson filed this 42 U.S.C. § 1983 action against defendants Debbie Bratton and Chauncey Biby alleging defendants violated his rights under the First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Fourteenth Amendment because they denied his special food requests for religious ceremonies. This matter is before the Court on defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 16) and plaintiff's Motion for Preliminary Injunctive Relief (Doc. 22). Because defendants present the Court with materials outside the Complaint in support of their motion to dismiss, the Court will convert their motion into a motion for summary judgment and allow plaintiff notice and an opportunity to respond to the presentation of uncontroverted facts. Further, for the reasons set forth in detail below, plaintiff's motion for injunctive relief is denied.

**I.      Background**

Plaintiff Richard Anderson is currently incarcerated at the El Dorado Correctional Facility ("EDCF"), in the custody of the Secretary of Corrections. Defendant Bratton is employed as the Deputy Warden of Operations at EDCF. Defendant Biby is employed as the

Chaplain at EDCF.

In May 2006, plaintiff, an active member of the EDCF Assembly of Yahweh, made a formal request that the Assembly be permitted to celebrate its "annual fall festivals" with certain food items and a banquet.  These requests are summarized as follows:

> "Feast of Trumpets," to be observed September 23, 2006, from 12:00 to 2:30 p.m.  The Assembly of Yahweh requested a special food request of strawberry shortcake, ice cream, whipped cream and ginger ale;
>
> "Feast of Tabernacles," to be observed October 7 through 13, 2006.  During this time all meals will be eaten outside in the tabernacle booth, with an extended meal time of an hour per meal to eat, drink, pray and study.  The Assembly requested approval for a banquet to be held on October 8, 2006, from 5:00 to 8:00 p.m., and requested a special meal of barbeque beef ribs, salad, ice cream, cheesecake, and soft drinks; and
>
> "Last Great Day," to be observed October 14, 2006, from 12:00 to 2:30 p.m.  The Assembly of Yaweh requested approval to purchase cheese pizzas from the visitation food stand.

Defendants approved all three special religious observance requests and extended worship time. Defendants denied the requests for special food; instead, the common fare meal would be served on each date.  Plaintiff's request was denied pursuant to EDCF General Order 23-103 because plaintiff failed to show the requested food items are tenets of the Jewish faith when celebrating the various festivals.

Plaintiff filed a "Bid for Reconsideration," arguing that the Assembly of Yaweh observes the commanded festivals with food in the form of banquets.  By denying the requests for special foods, plaintiff asserted that defendants infringed on the Assembly of Yahweh's right to practice its faith as scripturally mandated, citing Deuteronoomy 14:26: ". . . for whatever your heart desires.  And you shall eat there before Yahweh your mighty one, and you shall rejoice."

2

Plaintiff followed with a grievance, which was also denied.

Plaintiff, proceeding pro se, filed his Complaint under 42 U.S.C. § 1983, and requests a declaratory judgment, injunctive relief, court costs, nominal damages, and punitive damages. Defendants move to dismiss on the grounds that plaintiff has failed to state a claim upon which relief can be granted. On August 20, 2007, seven months after filing his Complaint and while the motion to dismiss was pending, plaintiff moved for an injunction ordering defendants to grant the special food requests by the Assembly of Yahweh for the observance of three fall festival celebrations in September and October 2007.

## II.     Rule 12(b)(6) Standard

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face,"[1] or when an issue of law is dispositive.[2] The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.[3] The court must accept the facts alleged in the complaint as true, even if doubtful in fact,[4] and view all reasonable inferences from those facts in favor of the plaintiff.[5] Viewed as such, the "[f]actual

---

[1] *Bell Atlantic Corp. v. Twombly*, —U.S.—, 127 S.Ct. 1955, 1974 (2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[2] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[3] *Bell Atlantic*, 127 S.Ct. at 1964-65.

[4] *Id.* at 1965.

[5] *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

allegations must be enough to raise a right to relief above the speculative level."[6] The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[7]

Under Fed. R. Civ. P. 12(b), if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Considering matters outside the pleadings on a motion to dismiss without converting it to a motion for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[8] Here, defendants filed a *Martinez* Report (Doc. 13), which is treated as an affidavit, in support of their motion for dispositive relief.[9] Defendants rely in part on the *Martinez* Report and supporting documentation and affidavits to substantiate their motion to dismiss. In his response to the motion to dismiss, plaintiff also relies in part on a DVD purporting to explain the tenets of his faith (Doc. 20). Accordingly, out of an abundance of caution, the Court converts the motion to dismiss into a motion for summary judgment. Plaintiff is given an additional period of time to respond in accordance with Fed. R. Civ. P. 56 and present any additional material made pertinent to the motion by Rule 56.[10]

---

[6]*Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted).

[7]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[8]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

[10]*Id*. at 1111 ("[D]istrict courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.").

**III.    Preliminary Injunction**

A preliminary injunction is an extraordinary remedy that is granted as the exception rather than the rule.[11] The primary purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits in order that the trial court can then render a meaningful decision.[12] To obtain a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[13] The moving party must establish the following elements to obtain relief:

> (1) a substantial likelihood of success on the merits; (2) a showing of irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.[14]

In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[15]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford

---

[11] *Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1204 (D. Kan. 2003) (citation omitted).

[12] *Id.*

[13] *SCFC ILC, Inc., v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[14] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

[15] *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980) (internal quotations omitted).

the movant all the relief that it could recover at the conclusion of a full trial on the merits.[16] If an injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. Furthermore . . . movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard."[17] In this case, plaintiff seeks mandatory relief which would disturb the status quo, as well as substantially all of the relief he may receive at the conclusion of his trial and thus, he bears a heightened burden.

Plaintiff alleges that the conditions of his confinement violate his constitutional rights. It is well-established that a prisoner has a First Amendment right to a diet conforming to his sincerely held religious beliefs.[18] However, prison officials may place certain restrictions on the exercise of that right in order to advance "valid penological objectives."[19] Similarly, to prevail on a claim made under the Equal Protection Clause of the Fourteenth Amendment, a prisoner must show that the prison denied him the reasonable opportunity to pursue his religious faith while accommodating those similarly situated.[20] The prison need not meet all demands of the prisoner, only ensure that reasonable opportunities are available.[21] Plaintiff has not proffered any argument or evidence that he is substantially likely to succeed on his claim, other than to

---

[16] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *aff'd*, 126 S. Ct. 1211 (2006); *see also Schrier*, 427 F.3d at 1258–59.

[17] *O Centro*, 389 F.3d at 975–76.

[18] *Beerhide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002).

[19] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

[20] *Cruz v. Beto*, 405 U.S. 319, 322 (1972).

[21] *Id.*

make conclusory allegations that defendants violated his rights.  Moreover, plaintiff has not alleged, much less shown, that he will be irreparably harmed by denial of his request for injunctive relief.  Plaintiff's motion is denied.[22]

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 16) is converted to a Motion for Summary Judgment.  The Court will take this motion under advisement after plaintiff has an opportunity to present material made pertinent under Fed. R. Civ. P. 56.  Plaintiff may present such material to the Court no later than **December 28, 2007.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Preliminary Injunctive Relief (Doc. 22) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of November 2007.

                                            S/ Julie A. Robinson
                                            Julie A. Robinson
                                            United States District Judge

---

[22]The Court further notes that plaintiff's motion is moot with respect to the food requests for the fall festivals in 2007.