**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RICHARD PHILLIP ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEBBIE BRATTON, et al., )<br>)<br>Defendants. ) | Case 07-3017-JAR |

**ORDER**

This matter comes before the court upon defendants' Motion to Stay Discovery (Doc. 47); plaintiff's Motion to Compel (Doc. 45); and defendants' Motion for Extension to Time (Doc. 44). These matters are either fully briefed, or the time for additional briefing has passed, and as a result and ripe for disposition by the court.

**A.     Background**

Plaintiff's filed his Amended Complaint on January 25, 2007. (Doc. 2). Interested Party, Kansas Department of Corrected filed the *Martinez* report on April 11, 2007 (Doc. 13). Defendants filed a Motion to Dismiss April 26, 2007. (Doc. 16.)  The Honorable Julie A. Robinson converted Defendants' Motion to Dismiss into a motion for summary judgment (Doc. 23), and on March 18, 2008, granted defendants' motion with respect to plaintiff's Fourteenth Amendment claim, and denied defendants' motion with respect to Plaintiff's First Amendment and RLUIPA claims. (Doc. 27). Defendants filed their Answer to plaintiff's Amended Complaint on April 1, 2008. (Doc. 30). On April 10, 2008, Plaintiff filed a Motion for Summary Judgment (Doc. 31).  On May 20, 2008, the undersigned conducted a telephone scheduling conference with the parties (Doc. 40), and entered a Scheduling Order detailing the parties' pretrial deadlines. (Doc. 41).

**B.     Motion to Stay Discovery (Doc. 47)**

Defendant's Motion to Stay Discovery (Doc. 47) pending the court's ruling on plaintiff's Motion for Summary Judgment (Doc. 27) is denied.

### 1. Standard

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[1] However, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[2] To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[3] However, it is appropriate to stay discovery pending resolution of a dispositive motion where "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

### 2. Discussion

At the outset, the court notes that plaintiff is proceeding *pro se* and thus his motions should be liberally construed and held to a less stringent standard.[5] This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[6] Despite this liberal

---

[1] *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990).

[2] *Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[3] *Wolf v. U.S.,* 157 F.R.D. 494, 494 (D. Kan. 1994).

[4] *Kutilek,* 132 F.R.D. at 298; *Wolf,* 157 F.R.D. at 494.

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

construction, *pro se* litigants are not entitled to ignore the fundamental rules of civil procedure.[7] Here, while plaintiff has not filed a response to defendants' Motion to Stay, the court construes his Motion to Compel as a general objection to defendants' requested stay.

Defendants contend that the court should stay discovery because the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion and because the facts sought through uncompleted discovery would not affect the resolution of the motion.[8] Defendants admit that their request "is unusual in that Plaintiff is the party who has filed the dispositive motion, and yet is seeking discovery after having filed that motion."[9]

The court agrees that defendants' request is "unusual" and finds defendants' justifications for staying discovery in this case unpersuasive. First, defendants misread the standard. The relevant inquiry is not "if" the case *could be* resolved by the pending dispositive motion, but rather whether it "is *likely* to be finally concluded" through a ruling on the dispositive motion. The court is perplexed by defendants' position that the district judge will *likely* resolve the case by granting *pro se* prisoner plaintiff's pending Motion for Summary Judgment, a motion defendants have vehemently opposed.[10] Indeed, defendants have not provided, and the court has not found a single case in this District or Circuit wherein a *pro se* prisoner plaintiff has prevailed on a Motion for Summary Judgment on like facts such that the entire case has been resolved.

Similarly, the court finds defendants' position that additional facts are unnecessary to resolve

---

[7]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[8]Memorandum in Support (Doc. 48) at p. 2.

[9]*Id.* at 3.

[10]*See* Response (Doc. 55).

3

the Motion for Summary Judgment at odds with their other position that the district judge should deny plaintiff's dispositive motion. If the undersigned should stay discovery (as defendants request) and should the district judge deny plaintiff's motion (also at defendants' request), then the undersigned will have to restart discovery at a later date to the detriment of the timely resolution of this matter.

### C. Plaintiff's Motion to Compel (Doc. 45).

While plaintiff asks the court to "compell [sic] the Defendants to answer the Plaintiff's First Request for Production of Documents without further delay[]"[11], plaintiff's Motion to Compel (Doc. 45) has not met several requirements of this court's local rules–namely D. Kan. Rule 37.1(a) and 37.2(b).

D. Kan. R. 37.1(a) provides:

Motions under Fed. R. Civ. P. 26© or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admissions under Fed. R. Civ. P. 30, 33, 34 or 36, or at the responses thereto, *shall* be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute.[12]

While the court understands that plaintiff has limited resources available to him due to his incarceration, in this instance plaintiff has provided the court with no indication as to the substance of his document requests. As a result, the court is unable to ascertain, and will not speculate, as to whether the requested discovery is appropriate and should be compelled.

Fed. R. Civ. P. 37(a)(2)(B) provides that a motion to compel must include, "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing

---

[11]Motion to Compel (Doc. 45).

[12](Emphasis added).

to make the discovery in an effort to secure the information or material without court action." D. Kan. Rule 37.2 provides in part: "The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion. Every certification required by Fed. R. Civ. P. . . 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issue in dispute."

Plaintiff's motion to compel falls short of this standard. Here, the court understands that as a prisoner plaintiff can maintain only limited contact with the outside world. However, plaintiff should accompany any subsequent motions to compel with a certification pursuant to Fed. R. Civ. P. 37 indicating he has made some effort to resolve the discovery dispute with defense counsel.

Finally, the court notes that while the plaintiff's motion asks the court to compel defendants to respond to his discovery requests, in substance plaintiff seeks denial of defendants' Motion for Extension of Time to Respond (Doc. 44).

As a result of the above, the court denies without prejudice plaintiff's Motion to Compel. Should the need arise, plaintiff may file a subsequent motion to compel as to these document requests, but only in compliance with the Federal Rules of Civil Procedure and our local rules.

> **D.     Defendants' Motion for Extension of Time to Respond to Plaintiff's Request for Production (Doc. 44).**

Defendants' sought to extend the response deadline to plaintiff's request for production by thirty days (30) or until July 7, 2008 because "[d]ue to counsel's current caseload, and the transition of the case to new counsel" such an extension was needed.

Here, the court finds that defendants have demonstrated good cause, albeit scant, to extend

their deadline to respond to plaintiff's requests for production.  As the July 7, 2008 deadline has already passed and the undersigned has declined to stay discovery, the court will set **August 14, 2008** as defendants' deadline to respond to plaintiff's request for production of documents. However, the court warns defendants that subsequent requests for extensions of time as to this or any other deadline will require a much stronger demonstration of good cause.

Accordingly,

IT IS THEREFORE ORDERED that defendants' Motion to Stay Discovery (Doc. 47) is denied; plaintiff's Motion to Compel (Doc. 45) is denied without prejudice; and defendants' Motion for Extension of Time (Doc. 44) is granted as herein detailed.

IT IS SO ORDERED.

Dated this  28th  day of July, 2008, at Topeka, Kansas.

                               s/ K. Gary Sebelius
                              K. Gary Sebelius
                              U.S. Magistrate Judge